# TODD *v.* UNITED STATES.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE
·NORTHERN DISTRICT OF ALABAMA.

No. 822. Argued March 26, 1895. — Decided May 20, 1895.

A preliminary examination before a commissioner of a Circuit. Court is not
a case pending in any court of the United States, within the meaning of
Rev. Stat. § 5406.

Todd and others. were indicted under section 5406 of the
Revised Statutes, reading as follows :

· " If two or more persons in any State or Territory conspire
to deter, by force, intimidation, or threat, any party or witness
in any court of the United States from attending such court,
or from testifying to any matter pending therein, freely, fully,
and truthfully, or to injure such party or witness in his person
or property, on account of his having so attended or testified,
. . . each of such persons shall be punished by a fine of
not less than five hundred nor more than five thousand dollars,
or by imprisonment, with or without hard labor, not less than
six months nor more than six years, or by both such fine and
imprisonment."

The indictment stated :

" That heretofore, etc., J. W. Todd, alias Watson Todd ;
George W. Kelley, [etc., naming plaintiffs in error and others,]
whose Christian names and surnames, respectively, are to this
grand jury otherwise unknown, unlawfully, corruptly, forcibly,
and feloniously did combine, conspire, and confederate together,
by force and intimidation and threats, to injure Wiley Pruett,
and William Pruett, who had theretofore been witnesses and
testified against Joe Arnold, Milton Farmer, and George
Kelley upon a charge of endeavoring to influence, intimidate,
and impede witnesses in a court of the United States, in viola-
tion of the criminal laws of the United States, tried prelimi-
narily by and before Robert Charlson, acting as a commissioner
of the Circuit Court of the United States for said district, in

their person and property on account of the said witnesses above named having testified in said cause in the said court as aforesaid, and in pursuance of said conspiracy and to effect the object thereof the said defendants and each of them did assault, beat, bruise, and wound with weapons the said Wiley Pruett and William Pruett, contrary," etc.

A demurrer to the indictment was interposed and overruled, and a *nolle prosequi* having been entered as to certain defendants, Todd, Roberts, and Mitchell, and ten others, were tried and convicted, and a motion in arrest of judgment having been made and denied, were each sentenced to imprisonment at hard labor for four years and payment of $500 and costs.

Thereupon they sued out a writ of error from this court.

The case was argued on the 26th of March, 1895, by *Mr. John C. Fay* for the plaintiffs in error, and by *Mr. Assistant Attorney General Whitney* for the defendants in error. On the 29th of the following April leave was granted by the court to counsel to file briefs within four days upon the question whether a commissioner of the Circuit Court of the United States, when holding a preliminary examination, may be regarded as a "court of the United States," within section 5406 of the Revised Statutes. Such briefs were filed.

*Mr. John C. Fay* for plaintiffs in error.

*Mr. Solicitor General* for the United States.

By an order made on April 29th, leave was given counsel to file briefs upon the question whether a commissioner of the Circuit Court of the United States, when holding a preliminary examination, may be regarded as a "court of the United States" within section 5406 of the Revised statutes.

The definition of the powers of a commissioner of a Circuit Court is stated but meagrely and diffusely in the statutes. That he exercises judicial functions, has been repeatedly recognized by the decisions of this court. *United States* v. *Jones,* 134 U. S. 483, 486. That he is not a court within the meaning of Sec. 1 of Art. III of the Constitution is

apparent. No part of the judicial power of the United States is vested in him within the meaning of that article of the Constitution.

In the case of *In re Luis Oteiza y Cortes,* 136 U. S. 330, petition for a writ of *habeas corpus,* the Consul General of Spain at the city of New York filed a complaint on oath before a duly authorized United States commissioner, charging that one Luis Oteiza y Cortes was secretary or clerk of the Bureau of Public Debt of the island of Cuba, an officer in the employment of the Kingdom of Spain, and had charge of public funds and money, and that he had converted the same to his own use. The complainant therefore charged the said Luis Oteiza y Cortes with the crime of embezzlement of the bonds or certificates of indebtedness, and asked for a warrant for his apprehension under certain conventions or treaties. A warrant was issued by the commissioner, and the accused was arrested and brought before the commissioner; evidence of the matter on both sides was heard by the commissioner, who certified that on the examination and the hearings which had been had he deemed the evidence sufficient to sustain the charge, and committed the accused to the custody of the marshal, to be held until a warrant for his surrender should issue according to the stipulations of the treaty, or he should be otherwise dealt with according to law. Mr. Justice Blatchford speaking for this court, quoting the language of Mr. Justice Miller in 127 U. S. 461, said (page 334):

"We are of opinion that the proceeding before the commissioner is not to be regarded as in the nature of a final trial, by which the prisoner could be convicted or acquitted of the crime charged against him, but rather of the character of those preliminary examinations which take place every day in this country, before an examining or committing magistrate, for the purpose of determining whether a case is made out which will justify the holding of the accused, either by imprisonment or under bail, to ultimately answer to an indictment or other proceeding in which he shall be finally tried upon the charge made against him. . . .

The act of Congress conferring jurisdiction upon the commissioner, or other examining officer, it may be noted in this connection, says, that if he deems the evidence sufficient to sustain the charge under the provisions of the treaty, he shall certify the same, together with a copy of all the testimony, and issue his warrant for the commitment of the person so charged."

And quoting (page 337) from the language of Judge Wallace in 21 Blatchford, 300 —

" The depositions and proofs presented a sufficient case to the commissioner for the exercise of his judicial discretion, and his judgment cannot be reviewed upon this proceeding. He is made the judge of the weight and effect of the evidence, and this court cannot review his action, when there was sufficient competent evidence before him to authorize him to decide the merits of the case."

From which it seems that a commissioner of a Circuit Court does exercise important judicial functions; does hear and decide upon evidence laid before him ; and has the power to summon and compel the attendance of witnesses. While he has not the power to convict, he has the power to discharge, and thus there is lodged with him some of the most important powers that are entrusted to the highest courts of the land. Witnesses summoned before him may by their testimony compel the discharge or the further prosecution of the accused. The detention or obstruction of such testimony is obviously of the utmost importance, as well to the accused as to the government. Section 5406 provides that if two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein freely, fully, and truthfully . . . they shall be punished," etc. While a commissioner of a Circuit Court is not a court of the United States within the meaning of Art. III of the Constitution, he may yet be a court of the United States in the sense that a committing magistrate is a court, or that the Interstate Commerce Commission, or the Court of Private Land Claims is a court. These are not

courts whose judges hold their offices during good behavior and receive compensation which cannot be diminished during their continuance in office, but they are nevertheless courts of the United States in a very important sense.

Looking, then, to the end had in view, to the evil to be prevented, to the free, unobstructed, and complete protection of the rights of the citizen, we submit that within the meaning of section 5406 of the Revised Statutes, a commissioner of the Circuit Court of the United States is a court of the United States.

MR. JUSTICE BREWER, after stating the case, delivered the opinion of the court.

After this case had been submitted to us on certain alleged errors, we became impressed with the fact that a more serious question existed than any that had been discussed, and that is, whether a preliminary examination before a commissioner is a proceeding " in any court of the United States" within the meaning of section 5406. The attention of counsel was called to this, and briefs have been furnished on each side. With the assistance furnished by these briefs we have carefully examined the question, and are of the opinion that it must be answered in the negative.

It is axiomatic that statutes creating and defining crimes cannot be extended by intendment, and that no act, however wrongful, can be punished under such a statute unless clearly within its terms. " There can be no constructive offences, and before a man can be punished, his case must be plainly and unmistakably within the statute." *United States* v. *Lacher*, 134 U. S. 624; Endlich on the Interpretation of Statutes, sec. 329, 2d ed.; Pomeroy's Sedgwick on Statutory and Constitutional Construction, 280.

That a commissioner is not a judge of a court of the United States within the constitutional sense is apparent and conceded. He is simply an officer of the Circuit Court, appointed and removable by that court. Rev. Stat. § 627. *Ex parte Hennen*, 13 Pet. 230; *United States* v. *Allred*, 155 U. S. 591.

A preliminary examination before him is not a proceeding in the court which appointed him, or in any court of the United States. Such an examination may be had not merely before a commissioner, but also before any justice or judge of the United States, or before any chancellor, judge of a state court, mayor of a city, justice of the peace, or other state magistrate. Rev. Stat. § 1014. And it cannot be pretended that one of those state officers while conducting a preliminary investigation is holding a court of the United States. Technically, we speak of an examining magistrate, and not of an examining court. The distinction is recognized in the statutes, § 1014, by which sundry judicial officers of the United States and of the States are authorized to conduct an examination and imprison or bail the defendant, "for trial before such court of the United States as by law has cognizance of the offence." Also § 911, which provides that "all writs and processes issuing from the courts of the United States shall be under the seal of the court from which they issue, and shall be signed by the clerk thereof." But a commissioner, like a justice of the peace, is not obliged to have a seal, and his warrants may be under his hand alone. *Starr* v. *United States*, 153 U. S. 614. Again, the district attorney is allowed certain fees per diem for an examination before a judge or commissioner and for his attendance in a court of the United States; also for mileage in travelling to the place of holding any court or to the place of any examination before a judge or commissioner. § 824. And a witness is entitled to fees "for each day's attendance in court or before any officer pursuant to law." § 848. While a preliminary examination may be in the strictest sense of the term a judicial proceeding, yet the language of the statute is not broad enough to include every judicial proceeding held under the laws of the United States. The offence described is a conspiracy to deter by force, etc., "any party or witness in any court of the United States."

Doubtless it was within the power of Congress to legislate in this direction fully for the protection of every witness called upon by the laws of the United States to give testi-

mony in any place and under any circumstances, *Logan* v. *United States*, 144 U. S. 263, but it has not as yet seen fit to do so, and has only provided for his protection when called as a witness in a court of the United States. *United States* v. *Clark,* 1 Gallison, 497, is in point. In that case, under a statute punishing perjury " in any suit, controversy, matter, or cause depending in any of the courts of the United States, or in any deposition taken pursuant to the laws of the United States," 1 Stat. 116, the defendant was indicted for perjury on a preliminary examination before a judge of the District Court of the United States, and it was held by Mr. Justice Story that the indictment could not be maintained, saying : " The statute does not punish every perjury, but only a perjury done in *a court of the United States.* Plainly, therefore, it is of the very essence of the offence that it should be charged as committed in such court. Now, under the authority of the United States there are but three courts known in law, the District, Circuit, and Supreme Court ; and as Congress alone can, by the Constitution, ordain and establish courts, none can exist but such as they create and name. . . . A court is not a judge, nor a judge a court. A judge is a public officer, who, by virtue of his office, is clothed with judicial authorities. A court is defined to be a place in which justice is judicially administered. It is the exercise of judicial power, by the proper officer or officers, at a time and place appointed by law." In connection with that case it is worthy of notice that Congress subsequently changed the statute, (4 Stat. 118,) and that now in force, Rev. Stat. § 5392, extends to every " oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered."

Further discussion seems unnecessary. As a preliminary examination before a commissioner cannot be considered a case pending in any court of the United States, it follows that this indictment is fatally defective and charges no offence against the laws of the United States.

The judgment is                                 *Reversed.*

Mr. Justice Harlan dissented.