### UNITED STATES v. McLEOD.

#### (Circuit Court, N. D. Alabama, S. D.  December 6, 1902.)

**1. OFFICERS—INTIMIDATION—PAST DUTY.**
    Rev. St. § 5399 [U. S. Comp. St. 1901, p. 3656], providing for the punishment of any person who "endeavors to influence, intimidate or impede any officer" in any court of the United States "in the discharge of his duty," does not include an assault committed on a United States commissioner, who had previously held defendant to answer on a criminal charge to be considered by a federal grand jury, where such assault did not occur until some months after the final termination of the proceedings before such commissioner.

**2. SAME—UNITED STATES COMMISSIONER—COURTS.**
    The fact that an assaulted United States commissioner does not hold a "court of the United States" does not prevent such assault from constituting an offense under Rev. St. § 5399 [U. S. Comp. St. 1901, p. 3656], punishing any person who, by threats or force, obstructs or impedes the due administration of justice in any court of the United States, if such assault in fact could or did obstruct justice in the particular case in the circuit or district court.

**3. SAME—INDICTMENT—PRESUMPTION.**
    Where, in an indictment for obstructing justice, it was alleged that, after defendant was held to the federal grand jury by United States commissioner, defendant committed an assault on such commissioner, but the indictment did not allege that the proceeding in which defendant was held was still pending in the federal, circuit, or district court at the time of the assault, it would be presumed that the matter had been concluded before the assault.

**4. SAME—OBSTRUCTING JUSTICE.**
    Since the United States commissioner, after having held a person accused to answer to the federal courts, has no further duty to perform in the matter, a subsequent assault committed by such accused on the commissioner, induced by the latter's act, does not constitute an "obstruction of justice," within Rev. St. § 5399 [U. S. Comp. St. 1901, p. 3656], providing for the punishment of every person "who corruptly, or by threats or force, obstructs or impedes, or endeavors to obstruct or impede the due administration of justice" in any court of the United States.

The third count of the indictment is the only count insisted on, and reads as follows:

"And the grand jurors aforesaid upon their oaths aforesaid do further present that on the 20th day of June, 1900, a case came on for hearing before G. B. Randolph, a United States commissioner for the Northern district of Alabama, to wit, the case of the United States against A. N. McLeod on a charge of violating section 5440 of the Revised Statutes of the United States

[U. S. Comp. St. 1901, p. 3676], and that on the final hearing of said cause the said G. B. Randolph, as such United States commissioner as aforesaid, who had full power and authority to act as such United States officer, made an order requiring the said A. N. McLeod to make and execute a bond for his appearance at the next term of the circuit and district courts of the United States for the Southern division of the Northern district of Alabama, the said A. N. McLeod well knowing that the said G. B. Randolph was such officer as aforesaid, and well knowing that he was duly authorized to make such order; and the grand jurors do further present that on, to wit, the 30th day of October, 1900, the said A. N. McLeod did go upon the highway and unlawfully did threaten and assault the said G. B. Randolph, the said officer as aforesaid, for the reason that the said G. B. Randolph, as such officer, had required the said A. N. McLeod to execute a bond for his appearance before the grand jury of the United States as aforesaid, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States."

The defendant demurred on numerous grounds, which resolve themselves into the objections that the count shows that the commissioner had fully and completely discharged his duty before the assault; that it did not appear that there was any proceeding pending before the commissioner, to be influenced or impeded, at the time of the alleged assault; that it did not appear that there was any proceeding pending or thereafter coming before the commissioner, to be influenced by the alleged assault; that the commissioner does not hold any court of the United States; that the indictment charges no offense against the laws of the United States.

Thos. R. Roulhac, U. S. Dist. Atty., and N. L. Steele, Asst. U. S. Dist. Atty.

Knox, Acker & Blackmon, for defendant.

JONES, District Judge (after stating the facts as above). The first clause of section 5399 of the Revised Statutes [U. S. Comp. St. 1901, p. 3656] deals with "endeavors to influence, intimidate, or impede, any witness or officer, in any court of the United States, in the discharge of his duty." It is the discharge of duty which this clause seeks to protect. There can be no discharge of duty, to be influenced in any way, when there is no duty to be performed. Neither a duty discharged in the past, nor the motives which induced it, can, in the nature of things, legal or moral, be recalled or influenced in any wise by a subsequent assault, not contemplated by him who performed the duty at the time it was discharged. The assault here charged clearly does not fall within this clause.

The remaining clause provides for the punishment of every one "who corruptly, or by threats or force, obstructs, or impedes, or endeavors to obstruct or impede, the due administration of justice therein,"—that is, "in any court of the United States." The word "therein," here used as synonymous with "in any court of the United States," qualifies the preceding words "due administration of justice," and necessarily restricts their meaning, when we remember that this is a penal statute, to particular cases as they arise in court. But for the restraining influence of the word "therein," the words "due administration of justice" might perhaps be held to include practices subversive of the general administration of justice, regardless of their effect upon any particular case. As here used, the words "the due administration of justice therein" mean the enforcement of the law of the land in individual cases brought or sought to be brought before the courts.

119 F.—27

Justice is administered, in the sense of this statute, only by bringing rights or wrongs, and the persons or things concerned in them, before a judicial tribunal, and there dealing with each particular case as it arises. Every instrumentality or power, the exercise of which is proper or necessary to the accomplishment of any of these ends, is part and parcel of "the due administration of justice." Every unlawful act, specified in the statute, which interferes with or obstructs the normal and proper operation of any of the instrumentalities or powers which the law provides for bringing a matter before a judicial tribunal, deciding it after it is there, and enforcing the judgment rendered, constitutes, as to such matter, either an impediment or an obstruction, or an endeavor to obstruct or impede, "the due administration of justice," within the meaning of the statute.

The defendant insists the assault cannot be an obstruction to justice, or an endeavor to obstruct it, "in any court of the United States," because a commissioner who conducts a preliminary examination does not hold any court of the United States. Todd v. U. S., 158 U. S. 278, 15 Sup. Ct. 889, 39 L. Ed. 982. When a commissioner examines and holds a defendant to bail, he performs a necessary step in the final administration of justice in the circuit or district court. The fact that the assaulted commissioner did not himself hold "any court of the United States" cannot withdraw the unlawful act from the grasp of the statute, if what was done to the commissioner could or did obstruct justice in the particular case in the circuit or district court.

The government insists the defendant is guilty, because he had been held to answer before the circuit and district courts where his case was pending at the time of the assault, and that the assault was an endeavor to impede, or an obstruction to, "the due administration of justice" in that case in the circuit or district court. The indictment, being silent as to the pendency of the case in the circuit or district court, cannot be aided by intendment. The presumption would be that the matter had been concluded there before the assault was made. If, however, the case were pending in the circuit or district court at the time of the assault, it could not bring the defendant within the mischief prohibited by the statute. An assault upon one who never had any authority or duty in the case pending in the circuit or district court, or whose relations to the case had ended before the assault, and who consequently could not, by the discharge of any function or power committed to him, exert any influence over the conduct or fate of the case in the circuit or district court, cannot constitute either endeavors to impede or an impediment to or an obstruction of justice "therein." Justice can be obstructed or influenced only by obstructing or impeding those who seek justice in a court, or those who have duties or powers in administering justice "therein." The commissioner at the time of the assault had no power to exercise, nor any duty to perform, which could be influenced by the assault. There was nothing he could do or leave undone, "in the discharge of his duty," which could exert the slightest influence upon the trial or decision of the case in the circuit or district court. The "due administration of justice therein" cannot be obstructed or impeded after it has run its course.

It is next insisted that the direct and ordinary effect of violence

upon the commissioner, because of past discharge of duty, being to influence and intimidate him in its future discharge, the defendant's unlawful act must necessarily amount to an endeavor to obstruct, or an obstruction to, "the due administration of justice," within the meaning of the statute. As we have observed, unless there is some case pending in a court, or sought to be brought "therein," there is nothing as to which "the due administration of justice" can be influenced or obstructed "therein." This statute does not create the offense of obstructing justice in general or in the abstract. Justice, in the meaning of the statute, is administered only in particular cases which are brought or sought to be brought before the court. If the unlawful act, done with reference to a particular case pending or contemplated to be brought before a judicial tribunal, does not obstruct the administration of justice "therein," no offense is committed, under this statute, though the evil effect of the unlawful act may militate against the administration of justice in some other case. Certainly a person cannot be guilty of obstructing justice, under this statute, in a case as to which he has done or intended nothing unlawful. The defendant can be held guilty here for acts done with reference to a particular case, only by holding the assault, induced because of the decision in that case, to constitute a continuing force, which ripens into a crime by relation to some other case. If the statute can fasten upon this assault, which related to a past transaction, and locate its effect upon some other case, totally disconnected from that as to which the unlawful act was done, the defendant could be held guilty, because of the doing of the one unlawful act as to one case, of as many other obstructions to justice as there were cases then pending or thereafter arising in which the discharge of duty could be directly affected by his act, though he had done or intended nothing unlawful concerning them, or, for that matter, may have been ignorant of their existence. Neither the reason nor the letter of the statute, nor any known rule of construction, permits the court to impart such fearful elasticity to a penal statute, as against a defendant. Pettibone v. U. S., 148 U. S. 197, 13 Sup. Ct. 542, 37 L. Ed. 419.

There are other considerations quite persuasive of the correctness of the above views. The statute under which this indictment is found was passed March 2, 1831. If it covered assaults upon officers of court, or any other person engaged "therein" in the administration of justice, because of past discharge of duty, would congress have thought it necessary to pass any subsequent statute on the subject? That congress did not deem this section to cover assaults upon court officers, or others engaged "therein" in the administration, because of past discharge of duty, is apparent from its legislation 40 years afterwards, in the act of April 20, 1871, now section 5406 of the Revised Statutes [U. S. Comp. St. 1901, p. 3657]. This is the first instance in our criminal laws where an injury done any one on account of past discharge of duty in the courts is made a penal offense. This statute does not include court officers within its protection, but specifically restricts it to parties, witnesses, and jurors. Why, in dealing with the evil of assaults for past discharge of duty in the courts, has congress omitted officers of the court, and provided only for protection

against such evil of parties, witnesses, and jurors? This later statute would have been entirely unnecessary if the government's contention as to the proper construction of section 5399 of the Revised Statutes [U. S. Comp. St. 1901, p. 3656] is correct. The terms of this later statute are persuasive, at least, to show that section 5399 [page 3656] does not cover this case. The uniform policy of congress, as disclosed by its legislation since the foundation of the republic down to the present hour, with the exception noted in section 5406 [page 3657], has been to leave the protection of officers of court against assaults on account of past discharge of duty to the operation of the laws of the states, and the restraining influence of the power of the courts of the United States "to punish contempts of their authority." Whether the assault, under the circumstances disclosed by the record, constitutes a contempt which should be summarily dealt with, is a matter which will be taken up and considered hereafter.

The demurrers are sustained. As the act charged cannot constitute an indictable offense against the United States, the judgment will be that the defendant go hence without day.