5 F.2d 282 (1924)
In re NO. 191 FRONT STREET, BOROUGH OF MANHATTAN, CITY OF NEW YORK.
KIRVIN
v.
UNITED STATES.
No. 117.
Circuit Court of Appeals, Second Circuit.
December 19, 1924.
*283 Sanford H. Cohen, of New York City (George Cohen, of New York City, on the brief), for plaintiff in error.
William Hayward, U. S. Atty., of New York City (Elmer H. Lemon, Sp. Asst. U. S. Atty., of Middletown, N. Y., of counsel), for the United States.
Before ROGERS and MANTON, Circuit Judges, and LEARNED HAND, District Judge.
MANTON, Circuit Judge.
The search warrant here considered was issued upon two affidavits, on the 18th of December, 1923, by one of the United States commissioners for the Southern district of New York. One affidavit alleges that one of the affiants visited the premises in question, and had a conversation with the plaintiff in error, and inquired if he would sell him a gallon of alcohol, which he did; that on the following day, December 18, 1923, he had a conversation with a brother of the plaintiff in error, asked for a gallon of alcohol, and carried away *284 with him an empty can, in which he obtained the alcohol, paying $5.50 therefor. This affidavit is corroborated by the second affidavit, made by an agent of the United States government, saying that he saw the first affiant enter the premises with a can and come out with the alcohol, which was turned over to the government agent. The affidavit set forth that the can had a quantity of alcoholic content of intoxicating liquors which contained more than one-half of 1 per cent. alcohol by volume and was fit for beverage purposes. It says that a search of the prohibition director's office failed to find any permit for the possession of liquors on these premises, and it then alleges that this affidavit is "made to procure a search warrant to search said premises No. 191 Front street, borough of Manhattan, city of New York, including any safe, or desk, closet, container, receptacle, storeroom, basement, or subcellar, or rooms connected or used in connection with said building, and to seize all intoxicating liquors found therein, together with any books, papers, records, or documents pertaining to the sale, possession, or transportation of intoxicating liquors."
The search warrant recites that the same is issued on the affidavits in question and "that certain intoxicating liquors (and records) containing more than ½ of 1 per cent. of alcohol by volume and fit for use for beverage purposes is unlawfully held and possessed in the entire five-story brick building situated at No. 191 Front street, borough of Manhattan, Southern district of New York." It directs the officers to whom the warrant was issued to enter the premises and search diligently "for said liquor and records," and then directs the making of a return after any seizure under said warrant. A seizure was made, and resulted in obtaining a quantity of liquor, and also a large list of books, papers, and records, consisting of memoranda, telegrams, invoices, receipts, and various letters. A motion was made for the return of the records and liquors before one of the United States commissioners of the Southern district of New York, and to vacate and set aside the search warrant, for the reason that the affidavit upon which it was based did not set forth facts showing probable cause for the issuance thereof; that it did not name and describe the person and particularly describe the property and place to be searched; that it was illegal, because it required the seizure of records without any supporting affidavit therefor, and without showing and naming the record desired, or that they were illegally used, and that no provision of law permitted the seizure of the records; that such seizure as was made was in violation of the Fourth and Fifth Amendments of the Constitution; that it was not issued in accordance with the provisions of Espionage Act, tit. 11 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 10212i, 10496¼a-10496¼v).
On hearing this motion, the commissioner took testimony and rendered a decision sustaining the motion. An application was then made to the District Judge for an order directing a return of the books, papers, and memoranda, and all other documents thus seized, and to suppress any information received therefrom. The defendant in error opposed upon the ground that it desired the records as evidence upon the trial of a conspiracy charge. The court reversed the order of the commissioner, reinstated the search warrant, and ordered the government to retain the property seized as evidence against the alleged conspirators. It is the order thereon that the plaintiff in error seeks to review by this writ. It is now sought to obtain a release of the records thus seized, but not the liquor.
The National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) provides for the issuance of a search warrant under the Espionage Act of June 15, 1917 (40 Stat. 228 et seq.), in so far as it is applicable to the National Prohibition Act, by a judge of the United States District Court or by a United States commissioner wherein the property sought is located. Section 3 provides that "a search warrant cannot be issued but upon probable cause, supported by affidavit, naming or describing the person and particularly describing the property and the place to be searched." Provision is made by section 15 for the examination of witnesses under oath, and requiring their affidavits or depositions to be reduced to writing and subscribed by the persons making them. It provides for the issuance of the warrant and its delivery to a person to execute the same, and the delivery of a copy and receipt when the property is taken, and for the making of a return thereon. Section 16 provides that, if the property or liquor taken is not the same as that described in the warrant, or where there is no probable cause for believing the existence of the grounds on which the warrant was issued, the judge or commissioner must cause it to be restored to the person from whom it was taken. If it appears that the property or paper taken is the same as described in the warrant, and there is probable cause for believing the existence of the grounds, then the *285 judge or commissioner shall order the same retained in the custody of the person seizing it, or to be otherwise disposed of according to law. Title 2, § 25, of the National Prohibition Act provides:
"It shall be unlawful to have or possess any liquor or property designed for the manufacture of liquor intended for use in violating this title or which has been so used, and no property rights shall exist in any such liquor or property. A search warrant may issue as provided in title XI of public law numbered 24 of the Sixty-Fifth Congress, approved June 15, 1917, and such liquor, the containers thereof, and such property so seized shall be subject to such disposition as the court may make thereof. If it is found that such liquor or property was so unlawfully held or possessed, or had been so unlawfully used, the liquor, and all property designed for the unlawful manufacture of liquor, shall be destroyed, unless the court shall otherwise order. No search warrant shall issue to search any private dwelling occupied as such unless it is being used for the unlawful sale of intoxicating liquor, or unless it is in part used for some business purpose such as a store, shop, saloon, restaurant, hotel, or boarding house. The term `private dwelling' shall be construed to include the room or rooms used and occupied not transiently but solely as a residence in an apartment house, hotel, or boarding house. The property seized on any such warrant shall not be taken from the officer seizing the same on any writ of replevin or other like process."
It will be observed from the foregoing section that the property seized shall be subject to such disposition as the court may make thereof.
It is contended here that, as to the records seized, the search warrant was issued without probable cause. We need not consider the sufficiency of the allegations as to the liquor seized for that seizure is not now questioned. The affidavit in no place refers to any records being used in connection with the sale of the alcohol, and there is no description of the records, papers, or memoranda of any kind. The only reference to it is in the last few lines in the affidavit, which says, "and to seize all intoxicating liquors found therein, together with any papers, books, records or documents pertaining to the sale, possession, or transportation of intoxicating liquors." This allegation does not warrant the seizure of papers nor could any testimony before the commissioner supply what is here missing.
We cannot agree with the government's argument that the records were means or an instrument of crime. They might be some evidence of crime. Gouled v. U. S., 255 U. S. 310, 41 S. Ct. 261, 65 L. Ed. 647. The legality of the search warrant may become the very foundation upon which the successful prosecution of a guilty defendant depends. The constitutional rights guaranteed by the Fourth Amendment of the Constitution must be equally enforced in favor of the guilty and innocent. Unless sufficient facts are shown under oath to support the finding of a probable cause, the right of a person to be secure from unreasonable searches and seizures must not be violated. Silverthorne Co. v. U. S., 251 U. S. 385, 40 S. Ct. 182, 64 L. Ed. 319; Weeks v. U. S., 232 U. S. 383, 34 S. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177; Boyd v. U. S., 116 U. S. 616, 6 S. Ct. 524, 29 L. Ed. 746. A search warrant must be as broad, and no broader, than justifying the basis of fact. It is not every kind of property that may be seized under a search warrant. It is intended that the warrant be issued with the privilege to seize such property as was used as the means of committing a felony. All papers and documents which afford evidence that a felony has been committed, but which were not the means of committing it, are immune from seizure. Veeder v. U. S., 252 F. 414, 164 C. C. A. 338.
It is next contended that the officers who were executing the warrant were lawfully on the premises, and that, being there, they might seize the papers. But as to the records they had no search warrant. They were as trespassers in taking these documents. It is further argued that the plaintiff in error was arrested at the time the papers were seized and therefore the seizure was lawful. U. S. v. Kraus (D. C.) 270 F. 579. But the papers were not on his person, and the distinction has been recognized between what one carries about on his person and what one keeps in his house. A search warrant cannot be extended beyond the privileges granted in its issuance. Nothing further may be included. There was neither identification of the records, nor probable cause alleged in the affidavits for the seizure of the records, and their taking was illegal, and therefore void.
The question of the authority of the District Court to review the action of the commissioner in vacating and setting aside the search warrant is presented. When the warrant is quashed upon the application of *286 a petitioner, under section 16, title 11, of the Espionage Act, he may apply for the return of the property to a judge or commissioner who issued the warrant, and who directed the quashing of the warrant. Section 25 of the National Prohibition Act gives the disposition of all liquors into the hands of the court. The plaintiff in error argues that the application for the return should not be to the court, but to the commissioner, and his determination is not reviewable by the District Judge. Since the commissioner quashed the warrant, it is necessary under section 25 to apply to the court for the disposition of the property. There could be no return of the records, except the decision is in some way reviewed by the court. This because the statute gives a remedy under sections 15, 16, of title 11, Espionage Act. A judge may make a warrant returnable before a commissioner (Grin v. Shine, 187 U. S. 181, 23 S. Ct. 98, 47 L. Ed. 130), and so a commissioner may make a warrant returnable before a judge. It has been held that a commissioner, when he issues warrants of arrest in a preliminary hearing, is not a judge of the United States within the constitutional sense, and a preliminary examination before him is not a proceeding in any court of the United States. Todd v. U. S., 158 U. S. 278, 15 S. Ct. 889, 39 L. Ed. 982. It has also been held that in a proceeding before a commissioner the District Court may review the decision, for the reason that, when sitting, the commissioner is not holding an inferior court, but is acting in a ministerial capacity. U. S. v. Berry (D. C.) 4 F. 779. The Supreme Court has held that a District Judge might review a proceeding before the United States commissioner, under the court's authority to assume control in the preliminary stages of matters of which it has the final decision. Collins v. Miller, 252 U. S. 364, 40 S. Ct. 347, 64 L. Ed. 616. The seizure of the liquors and the records, which are evidence of the crime charged, are in fact a matter preliminary to the trial, or at least might be. Silverthorne Co. v. U. S., 251 U. S. 385, 40 S. Ct. 182, 64 L. Ed. 319. With this case in the preliminary stages to the determination of the guilt of the plaintiff in error in the District Court, the seizure of the liquors and records on the search warrant must be regarded as intended to be used as evidence of crime. The same would be true if the liquors were to be seized on a libel, or to be disposed of by any other order of the court, as provided for in section 25. Therefore we hold that the District Judge had authority to review the action of the commissioner (Collins v. Miller, supra), and that the warrant and the supporting affidavits were insufficient. The warrant was insufficient to include the search and seizure of the records referred to in the return, and it is vacated, and the records thus seized are directed to be returned.
Order reversed, with directions to the District Court to enter an order in conformity with this opinion.