PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* ENRIQUE AND ABRAHAM SANTIAGO, Defendants and Appellants.

No. 3448.   Argued May 10, 1928.—Decided May 11, 1928.

*Felipe Colón* for the appellants.   *José E. Figueras* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Appellants were convicted of a violation of "An Act Providing punishment for the adulteration of milk and for other purposes," approved August 12, 1925. Laws of that year, page 558.

The first assignment is that the information does not charge an offense.

Section 1 of the law first above mentioned provides, among other things, that "Every person who sells, offers or keeps for sale, or who transports or stores milk to be used for human consumption, and every person using milk adulterated or diluted for industrial purposes, when such milk is to be used in the preparation of food for human consumption, shall be guilty of misdemeanor. . ."

The information says:

"The said defendants Enrique Santiago and Abraham Santiago on or about the 28th of September, 1927, in the town of Peñuelas, Porto Rico, which forms part of the Judicial District of Ponce, Porto Rico, unlawfully, willfully and intentionally transported to offer for sale and to sell adultered milk, Abraham Santiago being the seller and Enrique Santiago the owner of the milk."

Manifestly what the pleader had in mind was the transportation of adulterated milk with the intention of offering the same for sale, or of selling it. There is no intimation whatever that the milk in question was "to be used for human consumption." The mere transportation of adulterated milk for the purpose of selling it, or of offering it for sale, is not an offense.

On July 16, 1914, and from time to time since that date, we have had occasion to quote with approval the language of Judge Hook in *Demolli* v. *United States*, 6 L.R.A. (N. S.) 424, as follows:

"A penal code of China authorized the judge, if he could find no criminal law precisely applicable, to be guided by the spirit of the provisions enacted for those cases most resembling that under

consideration (Staunton's Penal Code of China, sec. 44, p. 43); but in this country, as was observed in Todd v. United States, 158 U. S., 278, 282, 39 L. ed., 982, 983, 15 Sup. Ct. Rep. 889, 890, 'it is axiomatic that statutes creating and defining crimes cannot be extended by intendment, and that no act, however wrongful, can be punished under such a statute unless clearly within its terms. There can be no constructive offenses, and before a man can be punished his case must be plainly and unmistakably within the statute.' "

It is fair to add that in the instant case the sufficiency of the information was not challenged, and the foregoing extract should not be construed as a criticism of the trial judge.

The judgment appealed from must be reversed.