El Pueblo de Puerto Rico, demandante y apelado, *v.* Enrique y Abraham Santiago, acusados y apelantes.

No. 3448.—*Visto:* Mayo 10, 1928. *Resuelto:* Mayo 11, 1928.

*Felipe Colón,* abogado de los apelantes; *José E. Figueras,* abogado de *El Pueblo,* apelado.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

Los apelantes fueron convictos de una infracción a la "Ley proveyendo lo necesario para castigar la adulteración de leche y para otros fines," aprobada el 12 de agosto de 1925. Leyes de ese año, pág. 559.

En el primer señalamiento de error se alega que la acusación no imputa delito alguno.

La sección primera de la ley antes mencionada dispone, entre otras cosas, que "toda persona que la vendiere, ofreciere o tuviere en venta, o que la transportare o almacenare con el fin de dedicarla al consumo humano, y toda persona que usare leche adulterada o diluida para fines industriales, cuando se destine a la preparación de alimentos para el consumo humano, será culpable de delito menos grave (*misdemeanor*)."

La acusación lee como sigue:

"Los referidos acusados Enrique ·Santiago y Abraham Santiago, allá, en o por el día 28 de septiembre de 1927, y en el pueblo de Peñuelas, Puerto Rico, que forma parte del Distrito Judicial de Ponce, Puerto Rico, ilegal, voluntaria e intencionalmente transportaban para ofrecer en venta y vender, leche de vaca adulterada, siendo Abraham Santiago vendedor del Sr. Enrique Santiago, dueño de dicha leche."

Evidentemente lo que el fiscal tuvo en mente fué la transportación de leche adulterada con intención de ofrecerla a la venta o de venderla. No hay en absoluto indicación alguna de que la leche en cuestión "se dedicaría al consumo humano." El mero hecho de transportar leche adulterada con el fin de venderla, o de ofrecerla a la venta, no constituye delito alguno.

En julio 16, 1914, y de tiempo en tiempo desde esa fecha, se han presentado ocasiones en que hemos citado con aprobación las palabras del Juez Hook en el caso de *Demolli* v. *United States*, 6 L.R.A., nueva serie, pág. 424, como sigue:

"Un Código Penal de la China autorizaba al Juez para que en el caso de no hallar ley penal que fuera precisamente aplicable, se guiara por el espíritu de los preceptos de ley establecidos para aquellos casos que tuvieran más semejanza al sometido a consideración, (Código Penal de China por Staunton, artículo 44, página 43); pero en este país, como se dijo en el caso de Todd v. United States, 158 U. S. 278, 282, 39 L. ed. 982, 983, 15 Sup. Ct. Rep. 889, 890, es axiomático que a los estatutos que establecen y definen delitos no puede dárseles mayor alcance en lo que respecta a su verdadera significación, y que ningún acto por perjudicial que fuere podrá ser castigado de acuerdo con el referido estatuto, a no ser que aparezca claramente comprendido en sus disposiciones. 'No pueden existir delitos por deducción y antes de que una persona pueda ser castigada, su caso deberá ser claro y estar ciertamente comprendido en el estatuto.' "

Es justo agregar que en el presente caso no se atacó la suficiencia de la acusación y el extracto anterior no debe ser interpretado como una crítica al juez sentenciador.

*La sentencia apelada debe ser revocada.*