## UNITED STATES v. HARBIN.

District Court, N. D. Mississippi, W. D.
August 22, 1928.

**1. Sunday ⬅30(7)—United States commissioner's issuance of search warrant and determination of probable cause on Sunday is not void, as court judgment (18 USCA § 616).**

United States commissioner's issuance of search warrant and exercise of precedent judicial discretion in determining existence of probable cause, under Act June 15, 1917, § 6 (18 USCA § 616), is not the judgment of a court, and hence not void, because done on Sunday.

**2. United States Commissioners ⬅4—United States commissioner is "quasi judicial" officer, but not judge or court; "quasi."**

A United States commissioner is a quasi judicial officer, but is not a judge or court, and does not hold courts; "quasi judicial" implying a difference between officer to whom applied and a judge or judicial officer in the proper sense, since word "quasi," which literally means "as if," or "almost," negatives identity, though implying a strong superficial analogy.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Quasi; Quasi Judicial.]

**3. Sunday ⬅30(1)—Search warrants are emergency processes, effectiveness of which should not be crippled by prohibiting issuance on Sunday.**

Search warrants, like warrants of arrest, are processes for emergencies, hedged about by various restrictions, which should not be extended by implication, so as to cripple the effectiveness thereof, as by prohibiting issuance thereof on Sunday.

**4. Criminal law ⬅394—Search warrant issued without probable cause and evidence procured by search should be quashed on motion.**

A motion to quash a search warrant issued without probable cause and the evidence procured by search thereunder should be sustained.

**5. Indictment and information ⬅137(4)—Motion to quash search warrant and indictment, and suppress evidence, should be overruled as to indictment, where insufficiency of evidence, exclusive of that obtained by search, to sustain indictment, does not appear.**

Motion to quash search warrant and indictment, and suppress the evidence, should be overruled as respects the indictment, where it does not appear that there was not sufficient evidence before the grand jury, exclusive of that obtained by search, to sustain the indictment.

R. L. Harbin was indicted for unlawfully possessing and selling intoxicating liquors, and he moves to quash the search warrant and indictment, and to suppress the evidence. Motion sustained as to the search warrant and evidence, and overruled as to the indictment.

J. H. Cook, U. S. Atty., of Clarksdale, Miss., and Lester G. Fant, Asst. U. S. Atty., of Holly Springs, Miss.

G. Edward Williams, of Clarksdale, Miss., for defendant.

HOLMES, District Judge. The indictment in this case contains two counts, the first for unlawfully possessing, and the second for unlawfully selling, intoxicating liquors. The defendant moves "to quash the search warrant herein, together with the indictment, and to suppress the evidence," because the search warrant was issued (1) on Sunday and (2) without probable cause.

[1] The argument is made with emphasis that the finding by a United States commissioner of probable cause for the issuance of a search warrant is a judicial act, that cannot be performed on Sunday, which is dies non juridicus, and that all judicial proceedings on that day are void. Ball v. U. S., 140 U. S. 131, 11 S. Ct. 761, 35 L. Ed. 377; Stone v. U. S., 167 U. S. 178, 17 S. Ct. 778, 42 L. Ed. 127. It has been held that the commissioner is an "adjunct of the court, possessing independent, though subordinate, judicial powers of his own" (Grin v. Shine, 187 U. S. 187, 23 S. Ct. 101, 47 L. Ed. 130), and that in determining the existence of probable cause he exercises a discretion judicial in its nature (Veeder v. U. S. [C. C. A.] 252 F. 414; U. S. v. Elliott [C. C. A.] 5 F.[2d] 292). But the issuance of the search warrant, and the exercise of the judicial discretion precedent thereto, cannot be regarded as the judgment of a court, which is void because done on Sunday.

[2] A United States commissioner is a "quasi judicial officer" (Chin Bak Kan v. U. S., 186 U. S. 193, 22 S. Ct. 891, 46 L. Ed. 1121), but he is not a judge or a court and

does not hold courts (Todd v. U. S., 158 U. S. 278, 15 S. Ct. 889, 39 L. Ed. 982; U. S. v. Tom Wah [D. C.] 160 F. 207; Id. [C. C. A.] 163 F. 1008). The term "quasi judicial," when applied to an officer, implies a difference between him and a judge or judicial officer in the proper sense. The word "quasi" literally means "as if," or "almost." It implies a strong superficial analogy, but negatives the idea of identity.

A United States commissioner is almost, but not quite, a judicial officer, though some of his duties are sufficiently similar to judicial duties to be placed in the same category. He exercises his own judgment whether there is probable cause, but, if "satisfied of the existence of the grounds of the application," "he must issue a search warrant," etc. Act June 15, 1917, c. 30, tit. 11, § 6, 40 Stat. 229, 18 USCA § 616. In Ocampo v. U. S., 234 U. S. 91, 34 S. Ct. 712, 58 L. Ed. 1231, it was held that a finding of probable cause for arrest is only quasi judicial, which may be delegated to a prosecuting attorney. The court said:

"It is insisted that the finding of probable cause is a judicial act, and cannot properly be delegated to a prosecuting attorney. We think, however, that it is erroneous to regard this function, as performed by committing magistrates generally, * * *, as being judicial in the proper sense. There is no definite adjudication. A finding that there is no probable cause is not equivalent to an acquittal, but only entitles the accused to his liberty for the present, leaving him subject to rearrest. * * * Such was the nature of the duty of a committing magistrate in the common-law practice, and it is recognized in Rev. Stat. § 1014 [18 USCA § 591]. Benson v. McMahon, 127 U. S. 457, 462, 463 [8 S. Ct. 1240, 32 L. Ed. 234]; In re Luis Oteiza y Cortes, 136 U. S. 330, 335 [10 S. Ct. 1031, 34 L. Ed. 464]; Todd v. U. S., 158 U. S. 278, 283 [15 S. Ct. 889, 39 L. Ed. 982]. In short, the function of determining that probable cause exists for the arrest of a person accused is only quasi judicial, and not such that, because of its nature, it must necessarily be confided to a strictly judicial officer or tribunal. * * * Consequently a preliminary investigation conducted by the prosecuting attorney of the city of Manila * * * is a sufficient compliance with the requirement "that no warrant shall issue but upon probable cause, supported by oath or affirmation.'"

[3] Search warrants, like warrants of arrest, are processes for emergencies, which should not be crippled in effectiveness by ancient Sabbatarian learning as to Sunday being a nonjuridical day. They are expressly hedged about by various restrictions, which should not be extended by implication. The delay of a day would often be fatal to effectiveness and afford an immunity, smacking somewhat of the antiquated right of sanctuary, for the criminal. A warrant of arrest in admiralty on Sunday has been held proper (Pearson v. The Alsalfa [D. C.] 44 F. 358), and, as no federal statute forbids it, I am of opinion that a search warrant is not invalid solely because issued on Sunday (State v. Conwell, 96 Me. 172, 51 A. 873, 90 Am. St. Rep. 333).

[4] But, on the merits, the facts clearly show that the search warrant was issued without probable cause, and therefore the motion should be sustained, in so far as it seeks to quash the search warrant and suppress the evidence procured by the search.

[5] It does not appear, however, that, exclusive of the evidence obtained by the search, there was not sufficient evidence before the grand jury to sustain the indictment, and therefore, in so far as the motion seeks to quash the indictment, it should be overruled.

Accordingly an appropriate order may be entered.