## HOGAN v. HILL, Warden.
### No. 64.

District Court, M. D. Pennsylvania.
March 4, 1935.

Abram M. Frumberg and J. F. Adelman, both of New York City, and A. A. Leiser, Jr., of Lewisburg, Pa., for petitioner.

A. E. Gottshall, Criminal Division, Department of Justice, of Washington, D. C., Frank J. McDonnell, U. S. Atty., of Scranton, Pa., and Herman F. Reich, Asst. U. S. Atty., of Sunbury, Pa., for respondent.

JOHNSON, District Judge.

This is a petition by an inmate of the United States Northeastern Penitentiary at Lewisburg, Pa., for a writ of mandamus to compel the warden of the said penitentiary to produce the petitioner before a United States commissioner for a hearing under the Indigent Convict Act (18 USCA § 641).

The petitioner previously applied to this court for release on a writ of habeas corpus on the ground that two sentences of imprisonment and fines which were imposed upon him by the District Court for the Western District of Louisiana and the District Court for the Eastern District of Virginia ran concurrently and not consecutively, and that he had completely served the concurrent sentences, including thirty days for nonpayment of fine. The opinion of this court (Daniel Hogan, Petitioner, v. Henry C. Hill, Warden, 9 F. Supp. 333, 337, filed January 2, 1935), discussed at length the question of concurrency which was raised by the pleadings, arguments, and briefs, and stated that the sentences were concurrent. However, the petition for the writ of habeas corpus was dismissed and the writ discharged in accordance with the decision of McNally v. Hill (opinion of Supreme Court filed November 5, 1934, 55 S. Ct. 24, 79 L. Ed. ——), because the petitioner was under legal restraint due to the fact that he was sentenced to be committed until a fine was paid, but that he had neither paid the fine nor complied with the Indigent Convict Act (18 USCA § 641).

On January 4, 1935, the petitioner, in accordance with 18 USCA § 641, applied to a United States commissioner in this district for a hearing upon his inability to pay the fines imposed upon him, and the commissioner in due course issued and had served upon the warden of the United States Northeastern Penitentiary a mandate directing the said warden to produce the petitioner before the commissioner at a time stated for the hearing. The warden refused to produce the petitioner. The petitioner then filed a petition in this court for a mandamus to compel the warden to produce the petitioner for a hearing before the United States commissioner.

In support of the petition, it is contended in substance that the duty sought to be enforced by the mandamus is imperative and not discretionary; that the portion of the opinion of this court in Hogan v. Hill, supra, to the effect that petitioner's two sentences ran concurrently, was part of the judgment of the court, and therefore the mandamus proceeding is in aid of that judgment; and finally that this court has supervisory powers of the United States commissioner and can enforce his mandates.

The respondent contends in substance that the portion of the opinion in Hogan v. Hill, supra, relating to the question of concurrency, was not necessary to the decision of the case, was obiter dictum, and no part of the judgment; that the judgment was the discharge of the writ of habeas corpus which ended this court's jurisdiction, and that therefore the mandamus proceeding is an original proceeding over which this court has no jurisdiction; that the United States commissioner was without jurisdiction to proceed since his action was premised upon the dictum and not the judgment of the court, and because the petitioner had not served his sentence; and that the Indigent Convict Act (18 USCA § 641) imposes no ministerial duty on respondent to produce the petitioner before a commissioner, and it is not the function of mandamus to establish the duty but to enforce one already existing.

The question that arises from the contentions set forth above is whether the judgment of this court in Hogan v. Hill, supra, on the question of concurrency of petitioner's sentence, was part of the judgment or obiter dictum. A consideration of this question will dispose of the case.

In a habeas corpus proceeding, the court is limited to an inquiry of the legality of detention. The writ cannot be used to invoke judicial determination of any questions which, even if determined in the prisoner's favor, could not have resulted in his immediate release. In McNally v. Hill (opinion filed November 5, 1934, 55 S. Ct. 24, 26, 79 L. Ed. ——), the Supreme Court of the United States stated

in the following manner the function of a writ of habeas corpus:

"The purpose of the proceeding defined by the statute was to inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful. In this, the statute conformed to the traditional form of the writ, which put in issue only the disposition of the custody of the prisoner according to law. There is no warrant in either the statute or the writ for its use to invoke judicial determination of questions which could not affect the lawfulness of the custody and detention, and no suggestion of such a use has been found in the commentaries on the English common law. Diligent search of the English authorities and the digests before 1789 has failed to disclose any case where the writ was sought or used, either before or after conviction, as a means of securing the judicial decision of any question which, even if determined in the prisoner's favor, could not have resulted in his immediate release.

"Such use of the writ in the federal courts is without the support of history or of any language in the statutes which would indicate a purpose to enlarge its traditional function."

 In Hogan v. Hill, supra, the court found that the petitioner was under legal restraint, and held: "Because the petitioner has not yet taken the oath of an indigent convict in accordance with the act (18 U. S. C. A. § 641), he is under legal restraint and this court must, therefore, dismiss the writ on that account, since the writ is granted only when the prisoner is entitled to immediate release. McNally v. Hill, 55 S. Ct. 24, 79 L. Ed. —, opinion of Supreme Court filed November 5, 1934. And now, January 2, 1935, it is hereby ordered that the petition for writ of habeas corpus be, and the same hereby is, dismissed and the writ discharged."

The determination of any question other than the legality of detention, no matter how it arose, was not required in that proceeding, and therefore dictum and no part of the judgment. The petition was properly dismissed and the writ properly discharged. This court, therefore, has no further jurisdiction in the matter. The proceeding before the commissioner was not one before the court that appointed him, since Congress conferred jurisdiction to

discharge indigent convicts, not in the District Court, but in the United States commissioner. See Todd v. U. S., 158 U. S. 278, 15 S. Ct. 889, 39 L. Ed. 982; Go-Bart Co. v. U. S., 282 U. S. 344, 51 S. Ct. 153, 75 L. Ed. 374. The present petition for a writ of mandamus, therefore, is not in aid of any jurisdiction which this court now has, but is an original proceeding in mandamus over which this court has no jurisdiction. L. Roy Crites, Petitioner, v. Henry C. Hill, Warden (D. C.) 9 F. Supp. 975, filed February 20, 1935.

Since the question of concurrency was not properly before this court and any finding on that question was dictum, it is binding on no one, not even the court that expressed it, and, should the question be properly raised, the dictum might not be followed. To reconsider and review that question in this case would result in further dictum.

The foregoing discussion leads to the conclusion that the present petition is an original mandamus proceeding over which the court has no jurisdiction.

And now, March 4, 1935, it is ordered that the petition for a writ of mandamus be, and the same hereby is, dismissed.