[Crim. No. 7511. Second Dist., Div. Two. Dec. 21, 1961.]

THE PEOPLE, Plaintiff and Respondent, v. U. L. MARTIN, Defendant and Appellant.

Harry E. Weiss for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Vincent W. Thorpe, Deputy Attorney General, for Plaintiff and Respondent.

HERNDON, J.—In an information filed on August 15, 1960, appellant was charged with assault with a deadly weapon in violation of section 245 of the Penal Code. On September 7, 1960, appellant's motion under section 995 of the Penal Code was denied, whereupon he entered a plea of not guilty. Appellant waived a jury trial.

At the trial the prosecution introduced substantial evidence that on June 5, 1960, in the City of Los Angeles appellant, acting without provocation, attacked one Richard M. Lewis, striking him on the head with a hammer described in the

testimony as a ''ball peen hammer—flat on one end and round on the other.'' As a result of this assault, the victim sustained a fractured skull and was hospitalized for approximately 10 days. The trial court found appellant guilty and entered judgment, sentencing him to county jail for a term of one year. He has appealed from the judgment and sentence.[1]

Appellant expressly concedes ''the sufficiency of the evidence to sustain the court's finding of guilt.'' He advances as his sole ground of appeal the contention that his constitutional rights were violated in that ''the accusation fails to set forth the essential acts constituting the offense with sufficient clarity on which he may properly prepare and present a defense.''

The information in this case states the accusation against appellant in the following language: ''The said U. L. MARTIN is accused by the District Attorney of and for the County of Los Angeles, State of California, by this information, of the crime of ASSAULT WITH A DEADLY WEAPON, in violation of Section 245, Penal Code of California, a felony, committed as follows: That the said U. L. MARTIN, on or about the 5th day of June, 1960, at and in the County of Los Angeles, State of California, did willfully, unlawfully and feloniously commit an assault with a deadly weapon upon Richard M. Lewis, a human being.''

 In his opening brief appellant indicates the particular in which he claims the accusation to be deficient, and states the essence of his argument as follows: ''The error urged herein is that the accusation fails to give the accused notice of the specific type of deadly weapon claimed to have been used by the appellant in order that he may have proper notice in order that he may prepare and present a defense that such a weapon was not used and establish that the claimed injury could not have possibly been inflicted by such a weapon, or that the accused not only did not possess such a weapon but that such a weapon was not accessible to him, or to obtain expert testimony that such an injury could have been the result of a fall or other accident removed from the alleged assault.''

Appellant's contention is without merit. In *People* v. *De La Roi*, 23 Cal.2d 692, 697 [146 P.2d 225, 151 P.2d 837], a sim-

---

[1]The affirmance of the judgment carries with it the affirmance of the sentence. (*People* v. *Sweeney*, 55 Cal.2d 27, 33 [9 Cal.Rptr. 793, 357 P.2d 1049].)

ilar contention was made with reference to an information which charged the same offense in essentially the same language as that of the accusation here involved. In rejecting this contention, the Supreme Court stated the applicable law:

"Defendant contends that the information upon which he is prosecuted fails to state a public offense in that it does not describe the deadly weapon used and hence it cannot be ascertained 'by what means of force the assault charged was committed.' The information alleges that 'the said Wilson De La Roi on the 15th day of July, A.D. 1942, in the said County of Sacramento, in the said State of California, . . . being then and there a person undergoing a life sentence in . . . the State Prison at Folsom, did then and there willfully, unlawfully and feloniously and with malice aforethought commit an assault upon the person of William Deal with a deadly weapon or instrument and by means of force likely to produce great bodily injury. . . .' Defendant relies upon statements in *People* v. *Perales* (1904) 141 Cal. 581 [75 P. 170]. That case was decided in 1904, long prior to the amendments of 1927 and 1929 of section 952 of the Penal Code, and no longer states the applicable rule of pleading in this state. (*People* v. *Mitchell* (1940) 40 Cal.App.2d 204, 209 [104 P.2d 545].) The section as amended expressly provides that an offense may be charged 'in the words of the enactment describing the offense or declaring the matter to be a public offense, or in any words sufficient to give the accused notice of the offense of which he is accused.' The information fully meets the requirements of the present statute."

In *People* v. *Collins,* 117 Cal.App.2d 175 [255 P.2d 59],[2] this court rejected appellant's contention that he was denied due process of law in that the information charging him with assault with a deadly weapon failed "to allege the size, type or name of the weapon used in committing the assaults with a deadly weapon." In that connection the court declared, "[n]either is it essential to allege the type of weapon used by the accused," citing *People* v. *De La Roi, supra.*

Furthermore, under our procedure, the preliminary hearing serves to provide the accused with knowledge of the details and particular circumstances of the offense charged. It appears from the record that appellant tested the sufficiency of the evidence presented at the preliminary hearing by his motion under Penal Code section 995. There is no suggestion

---

[2]Certiorari denied. (346 U.S. 803 [74 S.Ct. 33, 98 L.Ed. 334].)

of a claim of error in the denial of that motion. As stated in *People* v. *Vetri,* 178 Cal.App.2d 385, 393 [2 Cal.Rptr. 795] :

" 'Section 952, which formerly required the pleading to set forth the particular circumstances of the offense charged, as amended, declares that it shall be sufficient if it be "in any words sufficient to give the accused notice of the offense of which he is accused." There, in a nutshell, is stated the principle of our present simplified form of pleading a criminal offense—the accused is entitled to notice of the offense of which he is charged but not to the particular circumstances thereof, such details being furnished him by the transcript of the testimony upon which the indictment or information is founded.' (*People* v. *Beesly,* 119 Cal.App. 82, 85-86 [6 P.2d 114, 970] ; *People* v. *Braddock,* 41 Cal.2d 794, 799 [264 P.2d 521].) 'Notice of the particular circumstances of the offense is given not by detailed pleading but by the transcript of the evidence before the committing magistrate (or the grand jury) ; defendant is entitled to such transcript under section 870 (or § 925) of the Penal Code.' (*People* v. *Roberts,* 40 Cal.2d 483, 486 [254 P.2d 501] ; *People* v. *Yant,* 26 Cal.App.2d 725, 730 [80 P.2d 506].) ''

Appellant makes no assertion that the evidence given at the preliminary hearing did not adequately inform him as to the details and particulars of the offense charged against him. It is to be observed that appellant has been represented by counsel at all stages of the proceedings. In these circumstances it is futile for appellant to claim that he was denied due process of law, or that he was not given reasonable notice of the nature of the offense with which he was charged. In support of the unquestioned proposition that a person's right to reasonable notice of a charge against him and the right to an opportunity to be heard in his defense are basic in our system of jurisprudence, and are protected by the requirements of procedural due process, appellant cites *People* v. *Linden,* 52 Cal.2d 1 [338 P.2d 397], *United States* v. *Hess,* 124 U.S. 483 [8 S.Ct. 571, 31 L.Ed. 516], *Todd* v. *United States,* 158 U.S. 278 [15 S.Ct. 889, 39 L.Ed. 982], *In re Oliver,* 333 U.S. 257 [68 S.Ct. 499, 92 L.Ed. 682] and *Cole* v. *Arkansas,* 333 U.S. 196 [68 S.Ct. 514, 92 L.Ed. 644]. The record here affirmatively shows that none of the principles enunciated in the cited decisions was violated in the instant case.

The judgment is affirmed.

Fox, P. J., and Ashburn, J., concurred.