Frank E. Kohl Leavenworth County Attorney County Courthouse, 4th 
Walnut Leavenworth, Kansas 66048
Dear Mr. Kohl:
You request an opinion concerning whether K.S.A. 21-3815, which makes criminal an attempt to improperly influence a judge, prohibits a victim or victim's advocate from providing a victim impact statement to a judge prior to sentencing.
K.S.A. 21-3815 states as follows:
 "(a) Attempting to influence a judicial officer is communicating with any judicial officer in relation to any matter which is or may be brought before such judge . . . with intent improperly to influence such officer.
 "(b) Attempting to influence a judicial officer is a severity level 9, nonperson felony." (Emphasis added.)
The phrase — "with intent to improperly influence a judicial officer" encompasses a broad range of possible conduct but is limited to conduct affecting the administration of justice by a judge. State v. Torline,215 Kan. 539 (1974). In United States v. M'Leod, 119 F. 416 (C.C.N.D. Alabama, 1902) (cited in Torline), "improper influence" is defined as "endeavoring to influence, intimidate or impede . . . any judicial officer . . . in the discharge of his duty."
 "It appears that the ultimate source of K.S.A. 21-3815
is 18 U.S.C.A. § 1503 and our statute appears to have been designed to achieve twin goals of protecting a judicial officer in specific proceedings and to prevent the miscarriage of justice in cases which are or may be brought before such judicial officer." 215 Kan. at 543.
It is imperative that crime victims are provided meaningful input into the criminal justice system and providing their comments regarding sentencing to the appropriate judge is an important component of this process. This principle was codified by the citizens of Kansas and their representatives in article 15, section 15 of the Kansas constitution and K.S.A. 1995 Supp. 74-7333.
Article 15, section 15 of the Kansas constitution provides, in relevant part, as follows:
 "(a) Victims of crime . . . shall be entitled to certain basic rights, including the right . . . to be heard at sentencing or at any other time deemed appropriate by the court, to the extent that these rights do not interfere with the constitutional or statutory rights of the accused." (Emphasis added).
K.S.A. 1995 Supp. 74-7333 provides, in relevant part, as follows:
 "(a) In order to insure the fair and compassionate treatment of victims of crime and to increase the effectiveness of the criminal justice system by affording victims of crime certain basic rights and considerations, victims of crime shall have the following rights:
. . . .
 "(6) When the personal interests of victims are affected, the views or concerns of the victims should, when appropriate and consistent with criminal law and procedure, be brought to the attention of the court." (Emphasis added).
A victim impact statement is part of the presentence investigation report which is used by the judge in sentencing a defendant. K.S.A. 21-4604(b), 21-4714(b)(3). This statement may be prepared by a victim or a victim advocate on behalf of the victim. It is our opinion that these victim impact statements — whether prepared by a victim or a victim advocate — do not violate K.S.A. 21-3815 because they do not constitute an attempt to improperly influence a judge. On the contrary, the Kansas constitution and statutes guarantee to the victim the right to be heard at sentencing as well as to have his or her concerns brought to the court's attention. K.S.A. 22-3424; K.S.A. 1995 Supp. 74-7333. The victim impact statement is a means to accomplish these constitutional and statutory objectives.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm