OPINION
{¶ 1} Relator Oren K. Smith has filed an "Application for a Writ of Mandamus" naming the "Perry County Court of Common Pleas" as the Respondent. Relator has also filed an "Application and Motion for this Court to Issue an Order Finding that the Respondent has Failed to Answer a Civil Complaint and for a Default Judgment." No response has been filed to either the Complaint or the motion. In his Complaint, Relator requests this Court issue an order requiring the trial court to issue findings of fact and conclusions of law in support of the trial court's denial of Relator's Amended Petition for Post-Conviction Relief.
 {¶ 2} Relator's motion for default judgment is denied pursuant to Civ. R. 55(D) which provides,
 {¶ 3} (D) Judgment against this state.
 {¶ 4} No judgment by default shall be entered against this state, a political subdivision, or officer in his representative capacity or agency of either unless the claimant establishes his claim or right to relief by evidence satisfactory to the court.
 {¶ 5} Relator has not established his claim or right to relief. Consequently, a default judgment cannot be entered.
 {¶ 6} To be entitled to the issuance of a writ of mandamus, relator must demonstrate: (1) a clear legal right to the relief prayed for; (2) a clear legal duty on the respondent's part to perform the act; and, (3) that there exists no plain and adequate remedy in the ordinary course of law. State ex rel. Master v. Cleveland (1996), 75 Ohio St.3d 23, 26-27,661 N.E.2d 180; State ex rel. Harris v. Rhodes (1978), 5 Ohio St.2d 41,324 N.E.2d 641, citing State ex rel. National City Bank v. Bd. ofEducation (1977) 520 Ohio St.2d 81, 369 N.E.2d 1200. *Page 3 
 {¶ 7} Relator has failed to name a proper party as Respondent; therefore, Relator has not demonstrated a clear legal duty on the part of a respondent to perform any act.
 {¶ 8} Relator has names the Perry County Court of Common Pleas as the Respondent; however, a court is not sui juris. "A court is defined to be a place in which justice is judicially administered. It is the exercise of judicial power, by the proper officer or officers, at a time and place appointed by law." Todd v. United States (1895), 158 U.S. 278,284, 15 S.Ct. 889, 891, 39 L.Ed. 982. Absent express statutory authority, a court can neither sue nor be sued in its own right.State ex rel. Cleveland Municipal Court v. Cleveland City Council
(1973), 34 Ohio St.2d 120, 296 N.E.2d 544.
 {¶ 9} Because Relator has not demonstrated the necessary elements for the issuance of a writ of mandamus, the relief requested by Relator is denied.
 {¶ 10} WRIT DENIED.
 {¶ 11} COSTS TO RELATOR.
 Delaney, J., Wise, P. J., and Edwards, J., concur. *Page 4 
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, Relator's Writ of Mandamus is hereby denied. Costs taxed to Relator. *Page 1