THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* PABLO HIRALDO QUIÑONES, Defendant and Appellant.

No. 15611.   Argued July 7, 1954.—Decided July 21, 1954.

*Rafael F. Barbosa, Santos P. Amadeo, Rafael V. Pérez Marchand*
and *Antonio José Amadeo* for appellant. *José Trías Monge,*
*Attorney General* and *Rafael L. Ydrach Yordán, Acting Fiscal*
*of the Supreme Court,* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

The information filed in the instant case reads in its pertinent part as follows: "The Prosecuting Attorney files information against Pablo Hiraldo Quiñones . . . for violation of Act No. 220 (*Bolita* Act) . . . committed as follows: The said defendant, on or about August 9, 1953, in Carolina, . . . unlawfully, wilfully, and with criminal intent, had in his possession and in his house . . . 27 lists of numbers consisting of three figures, a dash and a number to the right, and $56.68 in U. S. currency, which materials and implements may be and were used by the defendant . . . in the operation of the illegal games of *bolita*, bolipool . . . (Sgd.) Zoilo Dueño González, Prosecuting Attorney. The preceding information is based upon the sworn testimony of witnesses examined before Prosecuting Attorney W. Luyando Charneco, and I solemnly believe there is probable cause for the filing of this information. (Sgd.) Zoilo Dueño González, Prosecuting Attorney. Subscribed and sworn to before me, this 20th day of August, 1952. (Sgd.) Juan Morales Díaz, Deputy Clerk, Superior Court."

After a trial at which different questions of law were raised and oral evidence was offered, the court found the defendant guilty of the offense charged and sentenced him to six month's imprisonment, without costs. Defendant appealed. His only contention now is that the lower court erred

"in denying the motion to dismiss the information on the ground that said information is null and void, since the probable cause on which it was based was determined by a prosecuting attorney and not by a magistrate, in accordance with Article II, § 10, par. 3, of the Constitution of the Commonwealth of Puerto Rico, and § 3 of the Code of Criminal Procedure of Puerto Rico."

The question thus raised was adversely decided on March 26, 1954 by this Court in *People* v. *Ortiz Gerena, ante* p. 241. We need not therefore reproduce the reasonings therein set forth. However, since appellant adduces in his brief an argument which we did not take up in *Ortiz Gerena, supra,* we shall discuss it here. That contention is as follows: "Since the prosecuting attorney has ceased to be a magistrate,[1] he cannot exercise any judicial function, regardless of its purpose, since such action would be in violation of the doctrine of separation of powers, which is one of the fundamental cornerstones on which rests the republican system established by our Constitution (Art. I, § 2)."[2]

Appellant is wrong. Although it is quite true that the prosecuting attorney is no longer a magistrate and that he cannot issue warrants of arrest or perform any judicial function, he still has, nonetheless, power to determine the existence of probable cause to file informations. *People* v. *Ortiz Gerena, supra,* and *People* v. *Superior Court, supra.* The determination of the existence of probable cause for such purpose is not a judicial function.

---

[1] Section 13 of the Code of Criminal Procedure, as amended by Act No. 22 of July 24, 1952 (Spec. Sess. Laws, p. 92)', does not include prosecuting attorneys in the definition of magistrates. See also *People* v. *Superior Court,* 75 P.R.R. 501.

[2] Section 2 of Article I of the Constitution of the Commonwealth of Puerto Rico provides:

"The government of the Commonwealth of Puerto Rico shall be republican in form and its legislative, judicial and executive branches as established by this Constitution shall be equally subordinate to the sovereignty of the people of Puerto Rico."

In *People* v. *Bird*, 212 Cal. 632, a situation closely analogous to the one herein involved was presented. Although a magistrate had on several occasions determined that Bird should be charged with the crime of manslaughter, the district attorney charged him with the crime of murder. The jury rendered a verdict of manslaughter. The defendant's first contention on appeal was that the district attorney was without lawful authority to file an information charging an offense different from that named in the order of commitment. The Supreme Court of California in an exhaustive opinion concluded that this contention was untenable, stating at pp. 641 and 642 as follows:

"Judicial power is not only the authority to decide but to make binding orders or judgments. No action which is merely preparatory to an order or judgment to be rendered by some different body can properly be termed judicial. . . .

"The action of the district attorney in filing an information based on the evidence taken at the preliminary examination does not satisfy the definition of judicial power under the foregoing cases or any definition of judicial power cited or discovered. Such action does not in any sense adjudicate the rights of the defendant. The information, like an indictment, is merely an accusatory paper and is to be considered as no more than a part of the method of putting the defendant on trial for the charge named therein. . . .

"In preparing the information the district attorney unquestionably is called upon to consider the facts as they appear in the testimony taken at the preliminary examination. He must also draw conclusions from those facts in the light of the law applicable thereto in order that he may charge the defendant with the proper offense. But in so doing he does not exercise a judicial power within the scope of the nondelegable power of the judiciary. The fact that an administrative or executive officer may frequently be called upon to determine facts and apply the law to those facts does not of itself make him a judicial officer or confer upon him judicial power. . . . In drafting the information the function of the district attorney is much the same as that of an attorney at the law who obtains a statement of the facts from his client and files a complaint in a civil action based on such statement, . . ."

See also *Ocampo* v. *United States*, 234 U.S. 91, 100; *United States* v. *Harbin*, 27 F. 2d 892; Bishop's *New Criminal Procedure*, 2d ed., vol. 1, § 237, p. 189.

We subscribe fully to that view. Since the prosecuting attorney performs no judicial function in filing an information after determining the existence of probable cause based on the testimony of witnesses examined before him or before another prosecuting attorney, there has been no violation of the doctrine of separation of powers consecrated in our Constitution.

The judgment appealed from will be affirmed.