**DISTRICT OF COLUMBIA v. MORRIS.**
No. 9278.

United States Court of Appeals
District of Columbia.

Argued Nov. 19, 1946.

Decided Dec. 16, 1946.

Mr. George C. Updegraff, Assistant Corporation Counsel, of Washington, D. C., with whom Mr. Vernon E. West, Corporation Counsel, and Mr. Chester H. Gray, Principal Assistant Corporation Counsel, both of Washington, D. C., were on the brief, for petitioner.

Mr. Charles J. King, of Washington, D. C., for respondent.

Before GRONER, Chief Justice, and CLARK and PRETTYMAN, Associate Justices.

PRETTYMAN, Associate Justice.

This proceeding concerns tangible personal property taxes in the District of Columbia. Respondent owned certain furniture and equipment which she used in the conduct of a rooming-and-boarding house. She had acquired this property, together with the "good-will" of the business, in 1940 and 1941 for $8,500. She filed personal property tax returns for the fiscal years 1942, 1944, and 1945, listing the property at $3,000, $2,000, and $1,700, respectively. She filed no return for the fiscal year 1943.

On her income tax returns for the corresponding periods, the taxpayer listed the cost of the property at $8,500, the estimated useful life at from five to ten years, and claimed a depreciation deduction of $550 a year.

Upon examination of the property tax returns, the Assessor reassessed the prop-

erty at $9,250[1] for the fiscal year 1942, $8,700 for 1943, $8,150 for 1944, and $7,600 for 1945, thus reflecting a reduction of $550 each year. The taxpayer appealed to the Board of Tax Appeals for the District of Columbia. She alleged, and the Assessor admitted, that the proposed assessments were "based upon" the income tax returns. The Board found that the valuations of the Assessor were based solely on the fact that in each of the taxpayer's income tax returns for the calendar years 1941, 1942, and 1943, she had claimed $550 depreciation on this property as a business deduction. The Board held the assessments invalid because they were not upon proper bases. The District of Columbia petitioned for review in this court.

Petitioner makes two contentions, (1) that the taxpayer is estopped to deny, for personal property tax purposes, the "valuation" set up by the same taxpayer in her income tax returns for depreciation purposes, and (2) that the Assessor is authorized to propose an assessment from the best information he can procure, that the assessments in the present case were based upon information furnished in the income tax returns, that this was the best information available as to value, and that the assessments were, therefore, valid.

Petitioner is in error in its first contention. The personal property tax is levied upon the fair cash value of the property,[2] required to be not less than its full and true value in lawful money.[3] The depreciation deduction on these income tax returns was based upon the original cost of the property and its estimated service life. Fair cash value and cost depreciated on a straight-line basis are different concepts. One might be evidence of the other, and they might coincide, but the assertion of one at one figure could not estop a taxpayer to assert the other at a different figure. Perhaps automobile trucks furnish the easiest example of this clear difference. Suppose such a truck had cost $3,000 in 1941 and had an estimated useful life of five years.

Its depreciation, on a straight-line basis (and ignoring salvage), would be $600 a year and its undepreciated cost $3,000, $2,400, $1,800, $1,200, and $600 at the beginnings of the respective years of its life. But its fair cash value at any time might be well above or below those figures. In a normal market, a second-hand truck drops quickly in fair cash value at the beginning of its life and then remains relatively constant in value for a period of time. In an abnormal market, such as the war period, the fair cash value of second-hand trucks had little relation to original cost or to straight-line depreciation.

In so far as previous decisions of the Board of Tax Appeals have held that estoppel applies to a taxpayer claiming one figure as undepreciated cost and another as fair cash value, they were in error.

We agree with petitioner's second contention that the Assessor cannot be held to any fixed formula, or specific catalog of data, in determining his proposed assessments, and is entitled to base his action on the best information he can procure.[4] But when that assessment is challenged and is brought before the Board of Tax Appeals, the issue is the correct fair cash value not merely the bases upon which the Assessor proposed his assessment. If the valuation proposed by the Assessor is correct in dollar amount, as the fair cash value, not less than the full and true value in lawful money, the assessment should be upheld even if the data or method used by him is incomplete, or even erroneous. On the other hand, if his proposed assessment is incorrect in dollar amount, the final assessment must be based upon the correct value, even though his data and method of computation were correct. Of course, the burden of proof is upon the taxpayer.

It follows that in the case at bar, when the taxpayer pleaded that the proposed valuations were in excess of the fair cash value of the property, an issue of fact was presented which should have been resolved by a finding. For lack of a finding

---

[1] The assessor added to the income tax figures of the taxpayer $750 for supplies and linen. The record offers no explanation for this addition.

[2] D.C.Code (1940) § 47—1203.
[3] D.C.Code (1940) § 47—1202.
[4] D.C.Code (1940) § 47—1203.

and conclusion upon the point, the case must be remanded. We leave to the consideration and determination of the Board whether the record should be reopened for additional evidence on the point.

Reversed and remanded for further proceedings in accordance with this opinion.