George Bowie McCENEY, Robert S. McCeney, Catherine M. Kotrla,
et al., Petitioners,

v.

DISTRICT OF COLUMBIA,
Respondent.

No. 12755.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 21, 1955.

Decided March 8, 1956.

Mr. Walter E. Barton, Washington, D. C., with whom Mr. Harvey C. Bickel, Baltimore, Md., was on the brief, for petitioners.

Mr. Henry E. Wixon, Asst. Corp. Counsel for the District of Columbia, with whom Messrs. Vernon E. West, Corp. Counsel, and Chester H. Gray, Principal Asst. Corp. Counsel, were on the brief, for respondent. Mr. Hymie Nussbaum, Asst. Corp. Counsel, also entered an appearance for respondent.

Before EDGERTON, Chief Judge, and FAHY and WASHINGTON, Circuit Judges.

WASHINGTON, Circuit Judge.

This is a petition for review of a decision of the District of Columbia Tax Court. The question is whether the remaindermen of a testamentary trust are liable under Section 47–1601 of the District of Columbia Code, 1951, for District inheritance tax on the value of the trust corpus, after deducting the value of the life interests on a purely actuarial basis, when the corpus was subject to the possibility of invasion by the trustee for the benefit of the life beneficiaries.

The testatrix died November 1, 1952. Her will created a testamentary trust as to the entire residue of her estate. Petitioners are the remaindermen and also share, along with eight others who are life tenants, in specified portions of the trust income. The testatrix gave the trustee, who is one of the petitioners, the power in his sole conclusive judgment to invade corpus to the extent "requisite or desirable under the then existing circumstances," if the amounts payable to certain of the income beneficiaries, or any of them, "supplemented by funds available to them from other sources, shall not be sufficient to meet the reasonable needs of such beneficiary or bene-

ficiaries in their respective stations of life, including emergencies and protracted illnesses."[1] The trustee was admonished by the testatrix to "be liberal in these respects," and was not required to account "therefor in respect to the interests of any other beneficiary or beneficiaries." All the income beneficiaries in behalf of whom the invasion of corpus was authorized survived the testatrix and were living at the date of the hearing below.

The petitioners paid inheritance taxes on the transfers of the remainder interests to them, valued by deducting from the value of the trust property the value of the life estates computed on an actuarial basis without taking into account the possibility that corpus will be invaded for the benefit of the life beneficiaries. The Tax Court approved the assessment of tax computed on this basis.

Under Section 47–1602 of the District of Columbia Code,[2] 1951, the tax is to be paid only on the market value of the remainder interests as appraised by the assessor, and under Section 47–1607 of the District of Columbia Code, 1951,[3] this value must be determined by finding the market value of the full property (not here in dispute) and then deducting the total value of the life interests at date of death determined as the Commissioners' regulations prescribe.

The regulations in effect on the date of death provided in Section 4(a) for a general method of valuing life interests by applying the American Experience Table of Mortality.[4] In Section 4(d) they provided that where the life tenant has the right in his sole discretion to invade corpus for his own use, the corpus shall be taxed to the life tenant.[5] However, on January 13, 1955, subsequent to the testatrix' death but before the Tax

---

1. This power to invade corpus existed on behalf of seven income beneficiaries: the testatrix' brother and her three sisters, and the three remaindermen who are the testatrix' niece and two nephews. The trustee had no power to invade corpus on behalf of four life beneficiaries who were not blood relatives of the testatrix.

2. The pertinent text of this section is as follows:
   "The tax provided in section 47–1601 shall be paid on the market value of the property or interest therein at the time of the death of the decedent as appraised by the assessor or, in the discretion of the assessor, upon the value as appraised by the probate court of the District. * * *"

3. Section 47–1607 is as follows:
   "In the case of any grant, deed, devise, descent, or bequest of a life interest or term of years, the donee for life or years shall pay a tax only on the value of his interest, determined in a manner as the Commissioners by regulation may prescribe, and the donee of the future interest shall pay a tax only on his interest as based upon the value thereof at the time of the death of the decedent creating such interest. The value of any future interest shall be determined by deducting from the market value of such property at

the time of the death of such decedent the value of the precedent life interest or term of years. * * *"

4. "Sec. 4(a). The taxable value of a life interest in any property shall be determined by multiplying 5% of the market value of the property (as of date of death of decedent), from which such life interest is to accrue, by the figure shown opposite the age of the beneficiary in the American Experience Table of Mortality appearing below. The age of the beneficiary to be used is his age on his birthday nearest the date of the death of the decedent. The taxable value of an annuity for life shall be determined in like manner, except that the annual payment shall be multiplied by the appropriate figure in the same table, instead of 5% of the value of the property from which the annuity accrues. If payments under an annuity are to be made oftener than once each year, the aggregate of such payments per year shall be considered the annuity payment for purposes of determining the taxable value thereof. * * *"

5. "Sec. 4(d). Where the life tenant has the right in his sole discretion to expend or consume the corpus, or a part thereof, for his own use, the tax on the corpus, or such part thereof, shall be imposed on the life tenant."

Court's hearing and decision in this case, Section 4(d) of the regulations was amended to include the following provision:

"(2) Where the corpus may be expended or consumed in whole or in part by any person or persons for the benefit of, or on behalf of, a donee for life or years, whether or not such donee for life or years shall personally have such right of invasion or use, the taxable value of the interest of the donee for life or years in such corpus shall be the value of the entire corpus, or of such part of the corpus as may be so expended or consumed, without reference to the method of determining the value of a life interest or of an estate for years as provided in subsections (a) and (b) of this section; and in such case the future interest in the corpus, to the extent to which the corpus may be so expended or consumed, shall be regarded as having no value for purposes of tax."

This addition to the original regulation deals with the precise problem at issue here, as all parties agree. If then it may be applied to this case, concededly the remainder interests of the petitioners must be treated as having no value, since the entire corpus may possibly be expended or consumed in whole for the benefit of certain of the life donees. Petitioners in their capacity as remaindermen would thus pay no tax.

█ █ The Tax Court declined to apply the amended regulation on the ground that it could not be applied retroactively. It is unnecessary in this opinion to pass on that question,[6] for we think that the amended regulation does not carry out the mandate of the statute.

Section 47–1601 is explicit that the tax is to be paid on the "market value" of the interest involved. This requires, we think, that the actual market value of the interest be determined as nearly as possible. Although Section 47–1607 provides that the value of the remainder interest is to be determined by subtracting from the value of the property the value of the life interests, determined in such manner as the Commissioners' regulations prescribe, this does not authorize the Commissioners to adopt regulations which result in disregarding the directive of the statute to tax only the market value of the interest. It is axiomatic that administrative rules must be consistent with the statute under which they are promulgated. See, e. g., Manhattan General Equipment Co. v. Commissioner, 1936, 297 U.S. 129, 134, 56 S.Ct. 397, 80 L.Ed. 394. And indeed Section 47–1618 of the D.C.Code, 1951, granting the Commissioners a general power to make rules and regulations for the administration of the inheritance tax chapter, so provides.

The present regulation—Section 4(d) (2)—purports to charge the life tenant with the tax on the value of the entire property which he may conceivably get, even though the possibility that he will take any part of the corpus, let alone the whole, may be negligible or remote, and to exempt the remainderman from any tax on his interest even though the possibility that he will receive some or all of the corpus may be strong or even a virtual certainty. We think the regulation is objectionable because it does not permit the facts bearing on the likeli-

6. If the amended regulation were valid, the holdings in Helvering v. Reynolds, 1941, 313 U.S. 428, 433, 61 S.Ct. 971, 85 L.Ed. 1438, and Manhattan General Equipment Co. v. Commissioner, 1936, 297 U.S. 129, 135, 56 S.Ct. 397, 80 L.Ed. 394, indicate that there would be no objection to applying it, even though the decedent had died before it was issued. There was no directly pertinent and explicit regulation in force at the time of her death, when the taxable transfers in this case occurred, which purported to provide a rule for valuing the type of interest involved here. Section 4(a) dealt with a straight life interest, not one accompanied by a power in the trustee or life tenant to invade corpus for the life tenant's benefit, and the original Section 4(d) was limited in terms to a life tenant's power to invade corpus on his own behalf.

hood of invasion, and on the market values of the life and remainder interests, to be considered. Market value is a factual matter, and its determination requires a consideration of all pertinent facts. To be sure, there may be instances where the application of the present regulation would achieve the correct result. But this would be because the life interest in fact encompassed the totality of the gift and the remainder interest in fact was worthless, and not because the arbitrary fiat of the regulation was a reasonable implementation of the statute.

In the present case, the interest of the life tenants in the corpus of the trust, over and above their right to share in the income, was doubtless worth something, despite its contingent nature, and correspondingly the interest of the remaindermen in the corpus, also contingent, would seem to have a value in some amount. Cf. Lockard v. Commissioner, 1 Cir., 1948, 166 F.2d 409, 413; In re Hill's Estate, 2 Cir., 1952, 193 F.2d 724, 728. At least there is nothing in the record here to suggest that the interest of either class of beneficiaries was without value. The Tax Court, although it approved a tax on the remaindermen assessed on the full value of the corpus diminished only by the life tenants' interests (in the income) valued under Section 4(a) of the regulations, made no determination that as a matter of actual fact the remaindermen's contingent interest in the corpus had that full value, and that the life tenants' interest in the corpus had no value. Nor had any such determination been made initially by the Assessor. In the light of the statute the Tax Court's decision would be sustainable only if such a finding of fact had been made. Cf. District of Columbia v. Morris, 1946, 81 U.S.App.D.C. 356, 159 F.2d 13.

We recognize of course that it may not be possible to fix the market values of the type of interest involved here with complete certainty. But the statute requires that market values be at least approximated as closely as possible in the light of all available facts.[7] We are unwilling to say that here an informed guess as to the possibility of invasion of corpus and the amount thereof will not be possible. The decedent set up a standard under which a fair estimate can be made. She authorized invasion only to meet the reasonable needs of the beneficiaries in their respective stations of life, including emergencies and protracted illnesses, taking into account funds otherwise available to them. Surely evidence relating to the ages, life expectancies, state of health, accustomed scale of living, economic circumstances, and other sources of income of the beneficiaries as of the date of death would permit a reasonable measurement of the possibility of invasion and its extent. Cf. In re Birdsall's Estate, 1941, 176 Misc. 619, 28 N.Y.S.2d 23; Industrial Trust Co. v. Commissioner, 1 Cir., 1947, 165 F.2d 142, 1 A.L.R.2d 144; Bankers Trust Co. v. Higgins, 2 Cir., 1943, 136 F.2d 477; In re Hill's Estate, 2 Cir., 1952, 193 F.2d 724. Cf. also Ithaca Trust Co. v. United States, 1929, 279 U. S. 151, 154, 49 S.Ct. 291, 73 L.Ed. 647; Lincoln Rochester Trust Co. v. McGowan, 2 Cir., 1954, 217 F.2d 287; Commissioner v. Wells Fargo B. & U. Trust Co., 9 Cir., 1944, 145 F.2d 130; Commissioner of Internal Revenue v. Robertson's Estate, 4 Cir., 1944, 141 F.2d 855; Commissioner of Internal Revenue v. F. G. Bonfils Trust, 10 Cir., 1940, 115 F.2d 788; Estate of Schoonmaker v. Commissioner, 1946, 6 T.C. 404. The use of the word "emergencies" should not introduce, construed in its context, an uncertainty not fairly measurable, as the Industrial Trust, Wells Fargo, Lincoln

---

7. Where a statute imposes a tax on the value of an interest, certainty in its valuation is not required; a fair guess as to value will serve. In re Hill's Estate, 2 Cir., 1952, 193 F.2d 724, 728; see also Helvering v. Safe Deposit & Trust Co., 1942, 316 U.S. 56, 66–67, 62 S.Ct. 925, 86 L.Ed. 1266; Industrial Trust Co. v. Commissioner, 1 Cir., 1947, 165 F.2d 142, 1 A.L.R.2d 144; Bankers Trust Co. v. Higgins, 2 Cir., 1943, 136 F.2d 477, 479.

Trust and Schoonmaker cases indicate. Although the trustee was enjoined to be "liberal" in invading corpus for the life tenants' benefit, the standard for exercise of his judgment was otherwise set and whatever allowance may be needed for this can be made in valuing the life tenants' interest in the corpus.[8]

The Tax Court relied on our decision in District of Columbia v. Vann, 1954, 95 U.S.App.D.C. 22, 217 F.2d 26, in which we affirmed per curiam a decision of the Tax Court. But we do not regard Vann as precluding a factual determination of the market value in this case. The District there was endeavoring, without a regulation so providing, to require a life tenant to pay the entire tax on property, even though remaindermen were named and there was no certainty that the trustee would invade corpus in any amount for the life tenant's benefit. There was no finding in that case, and no suggestion before us, that the value of the life interest was in actual fact any greater than the amount resulting from use of the actuarial method set out in Section 4(a) of the regulations which the Tax Court used. In the circumstances we approved the tax determined on that basis (the minimal basis).

The Commissioners have now undertaken to fix by regulation the "value" of this type of remainder interest, and the remaindermen in this case were not given the benefit of it. While we think the present regulation is not in accord with the statutory provisions, the District in effect recognizes through it that remaindermen situated as are the present petitioners are entitled to some relief. Even though it may be said that the tax-payer-remaindermen failed to carry their burden of proof to show that the actual or reasonable value of their interests was less than that on which the Assessor levied the tax, we do not feel that it would be just and equitable to affirm here on that ground, in view of the statutory provisions and the fact that the regulations in effect at the time of the hearing purported to make proof of the value of the remainder interests unnecessary.[9]

It is our view that this case must be remanded for a finding as to the market value of the remainder interests. The tax should be assessed on the value, if any, so found. In this connection, the taking of further evidence will doubtless be necessary. If the life tenants should desire to intervene to protect their rights, their participation would seem to be desirable. If the Commissioners should wish to amend the existing regulations to cure the defects we find therein, we think it would be appropriate that the Tax Court hold this case in abeyance for a reasonable time to permit this to be done, and to consider the applicability of any such regulations to this case. Cf. Addison v. Holly Hill Fruit Products, 1944, 322 U.S. 607, 616–623, 64 S.Ct. 1215, 88 L.Ed. 1488; Hamilton Nat. Bank v. District of Columbia, 1946, 81 U.S.App.D.C. 200, 204–205, 156 F.2d 843, 847–848, certiorari denied,

---

8. This case differs from Merchants National Bank of Boston v. Commissioner, 1943, 320 U.S. 256, 64 S.Ct. 108, 88 L. Ed. 35, and Henslee v. Union Planters National Bank, 1949, 335 U.S. 595, 69 S.Ct. 290, 93 L.Ed. 259, where the testators directed the trustees to be liberal in invading corpus in the one case for the beneficiary's "happiness" and in the other for the beneficiary's "pleasure." Thus no standard was set by which the extent of the possible invasion could be reliably predicted and measured. Moreover, those cases dealt with claimed deductions from the Federal gross estate for bequests to charity, and thus were concerned with exemptions from tax, the right to which must be clearly shown. In the present case the statute requires that the value of the interest be determined for purposes of imposing a tax, not for a deduction.

9. For cases in accord, in somewhat comparable situations, compare Helvering v. Safe Deposit & Trust Co., 1942, 316 U.S. 56, 63–67, 62 S.Ct. 925, 86 L.Ed. 1266; Industrial Trust Co. v. Commissioner, 1 Cir., 1947, 165 F.2d 142, 1 A.L.R.2d 144; but see Lockard v. Commissioner, 1 Cir., 1948, 166 F.2d 409, and Hughes v. Commissioner, 9 Cir., 1939, 104 F.2d 144.

1949, 338 U.S. 891, 70 S.Ct. 241, 94 L.Ed. 547.

Accordingly, we remand to the Tax Court for further proceedings not inconsistent with this opinion.

So ordered.