The ALABAMA POLYTECHNIC INSTITUTE, Petitioner,

v.

DISTRICT OF COLUMBIA, Respondent.

No. 13782.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 8, 1957.

Decided Nov. 27, 1957.

Mr. James M. Earnest, Washington, D. C., with whom Mr. George R. Jacobi, Washington, D. C., was on the brief, for petitioner.

Mr. Henry E. Wixon, Assistant Corporation Counsel for the District of Colum-

bia, with whom Messrs. Chester H. Gray, Corporation Counsel, Milton D. Korman, Principal Assistant Corporation Counsel, and Douglas H. Moore, Jr., Assistant Corporation Counsel, were on the brief, for respondent.

Before BAZELON, WASHINGTON and BURGER, Circuit Judges.

WASHINGTON, Circuit Judge.

This is a tax case, presenting problems related to those dealt with in McCeney v. District of Columbia, 1956, 97 U.S.App. D.C. 282, 230 F.2d 832.

The petitioner here is remainderman under a testamentary trust which directed the trustees to pay the income to the named beneficiary for life, and authorized them to pay to the latter in addition such sums out of principal "as may be necessary to suitably maintain her in as much comfort as she now enjoys." The District of Columbia assessed a tax against the petitioner based on a value computed by subtracting from the market value of the property a value for the life estate determined under Section 4(a) of the inheritance tax regulations, promulgated June 14, 1944,[1] without taking into account the value of the possibility that the life tenant might receive some of the corpus.[2] The tax so assessed was paid. A petition to recover it was filed in the District of Columbia Tax Court on February 10, 1956, based in part on the ground that, under Section 4(d) (2) of the regulations as promulgated January 13, 1955, and in effect at the date of the assessment, the remainder had no value and thus there was no base on which to assess a tax.

Subsequently on March 8, 1956, this court in McCeney held the regulation last-mentioned invalid as not complying with the statutory mandate of Sections 47–1602 and 47–1607 of the District of

---

1. For the text of Section 4(a) of the regulations see McCeney at page 284 of 97 U.S.App.D.C. and at page 834 of 230 F.2d.

2. It is agreed that the value of the trust property was $368,934.77. The life es-

tate was determined by the assessor to have a value of $115,669.91 on an actuarial basis, computed in the manner indicated, leaving $253,264.86 as the value determined for the remainder.

Columbia Code that the tax is to be paid on the market value of the interest to be taxed; we remanded that case so that the market value of the remainder interest there could be determined on the basis of the pertinent facts.

On April 5, 1956, a new Section 4(d)(2) of the regulations was issued by the Commissioners of the District, in the following terms:

"Where the corpus may be expended or consumed in whole or in part by any person or persons for the benefit of, or on behalf of, a donee for life or years, whether or not such donee for life or years shall personally have such right of invasion or use, the taxable value of the interest of the donee for life or years in such corpus shall be the value of the entire corpus, or of such part of the corpus as may be so expended or consumed, without reference to the method of determining the value of a life interest or of an estate for years as provided in subsections (a) and (b) of this section, except insofar as the market value of such part of the corpus as may be expended or consumed may be computed with reference to a fixed and definite standard, stated in the instrument creating the corpus, for the expenditure or consumption. In cases to which this subsection is applicable, the future interest in the corpus, to the extent which the corpus may be expended or consumed as set forth in this subsection, shall be presumed to have no market value unless there shall be filed with the Assessor concurrently with the filing of the tax returns required to be filed for the purpose of assessment of an inheritance tax upon the interest of the donee for life or years and upon the future interest in the corpus, tangible evidence relating to the age, life expectancy, state of health, accustomed scale of living, economic circumstances, and other sources of income of the donee for life or years, and such additional evidence thereafter, prior to assessment, as the Assessor may, in his discretion, require for the purpose of determining the market value referred to in this subsection; *provided*, that in cases where the tax return has been filed prior to sixty days after the date of this amendment to the Regulations the evidence required to overcome this presumption may be filed with the Assessor within sixty days after the date of this amendment to the Regulations."

In the instant case, the testator provided the same standard for the invasion of corpus as was construed in Ithaca Trust Co. v. United States, 1929, 279 U.S. 151, 49 S.Ct. 291, 73 L.Ed. 647; it follows here, as there, that the standard was "fixed" and "definite," and the amount of the invasion was "capable of being stated in definite terms of money." 279 U.S. at page 154, 49 S.Ct. at page 291. The evidence specified in the last sentence of the new regulation was, however, not filed with the Assessor within the time fixed in the proviso.[3] Instead, the petitioner took the position before the Tax Court that, under the terms of the new regulation, the remainder interest must be treated as having no value, and it declined to offer any evidence relating to the actual market value of the remainder, although advised to do so by the Tax Court at both the pretrial and at the hearing. The Tax Court held that, irrespective of the provisions of the new regulation, McCeney requires that the market value of the remainder be determined as closely as possible in the light of all available facts, and that, since the taxpayer here refused to offer any evidence at all pertaining to market value, it could do nothing other than to affirm the assessment.

The petitioner renews the contention in this court that since evidence relating

3. In the present case, the tax return was filed prior to sixty days after the date of the amendment to the regulations.

to value was not filed with the Assessor, the regulation establishes a presumption, conclusive in the Tax Court and here, that its remainder is without value. We do not agree. In terms the regulation simply creates a presumption in the absence of evidence for purposes of the initial assessment of tax. Under the regulation, evidence of value filed with the Assessor [4] is for the purpose of enabling him to appraise the market value, which Section 47–1602 of the Code requires of him, and thus to provide a basis upon which to assess the tax to be paid. Thereafter, the taxpayer who is aggrieved by the assessment may appeal to the Tax Court, provided he has paid the assessed tax. Section 47–2403, D.C.Code (Supp. V, 1956).

In the present case the tax had already been assessed and the appeal to the Tax Court had been filed before the new regulation was adopted.[5] In this situation, the regulation afforded no presumption of which the petitioner could without more avail itself in the Tax Court. It had the burden of sustaining its petition, and to prevail this required it, as McCeney teaches, to introduce such evidence as would enable the Tax Court to find that the market value of its remainder

was less than the figure on which the tax was assessed.

Although we think that the petitioner should have understood this, we are unwilling under the circumstances here— where confusion as to the applicable regulation was almost inevitable—to cut it off from another opportunity to offer evidence tending to show that the actual market value of its remainder interest was less than the value used in assessing the tax. It may of course not wish, or perhaps may be unable, to offer such evidence,[6] in which event the Assessor's figure would stand.

Accordingly, we set aside the decision and remand the case to the Tax Court, with directions that the petitioner advise the Tax Court in writing within thirty days whether it desires a further hearing for the purpose of submitting such evidence; that such a hearing be held if requested, at which all interested parties— including the life tenant if she desires to intervene—may offer evidence on value; and that the value of the remainder interest be determined on the basis of the evidence received. If the petitioner advises that it does not desire a further hearing, the Tax Court must of course reinstate its original decision.

So ordered.

4. The regulation does not state who is to supply the evidence. But Section 47–1604 of the Code requires the personal representative of the decedent to report under oath to the Assessor "the actual value of the property that each [beneficiary] will receive" and "any other information which the assessor may require." In the usual case, it would seem that the executor or testamentary trustee is best equipped initially to appraise, in light of the relevant facts, the likelihood that corpus will be invaded and the extent thereof.

5. The regulation does contemplate the filing of evidence where the tax return was

filed more than sixty days before the date of the regulation. It says nothing about the filing of evidence after assessment. We would suppose, however, that the Assessor would have been willing in this case to re-examine the assessment, if evidence pertaining to the actual value of the remainder had been tendered to him following the issuance of the new regulation.

6. This presumably would be so, if for example the annual trust income exceeds the annual amount needed to maintain the life tenant in the standard of comfort she was enjoying when the trust became effective.